UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERT JUAREZ,<br>Petitioner,<br>v.<br>P. D. BRAZELTON,<br>Respondent. | Case No. CV 12-02149 JLS (RAO)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation ("Report"), Petitioner's Objections ("Objections"), Respondent's Reply to Plaintiff's Objections ("Reply"), and all other records and files herein.[1] Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected.

The Magistrate Judge recommended that the Court deny Petitioner's request for a *Rhines* stay because Petitioner failed to show good cause for a stay under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), noting, in part, that Petitioner failed to provide

---

[1] On April 2, 2014, Petitioner filed a First Amended Petition containing the same claims as the Petition. (Dkt. No. 49.) For purposes of considering Petitioner's *Rhines* request, the Petition is the relevant petition, as the First Amended Petition had not been filed at the time Petitioner requested a *Rhines* stay.

"a reasonable excuse, supported by sufficient evidence" to justify his failure to exhaust his ineffective assistance of counsel claims (Grounds One through Four) in state court before filing his federal petition. (Dkt. No. 108 at 9) (quoting *Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014)). Petitioner filed Objections to the Report and Recommendation ("Objections") and attached a declaration from Diane E. Berley ("Berley Declaration"), his attorney for his state and federal habeas corpus petitions, "detailing the facts supporting due diligence to negate a claim of unreasonable delay." (Dkt. No. 109 at 10.) Respondent filed a Reply. (Dkt. No. 111.) The Court concurs with and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

"[A] district court has discretion, but is not required to, consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), *cert. denied*, 534 U.S. 831, 122 S. Ct. 76, 151 L. Ed. 2d 40 (2001). Petitioner's newly proffered evidence, the declaration from habeas counsel purporting to explain the delay in filing Petitioner's claims in state court, was presumably available to Petitioner at the time he filed his Request for Stay in March 2012, yet he did not provide it at that time.[2] He argues that "[t]imeliness under California law has never been an issue and thus did not need to be pleaded," but he acknowledges that under *Rhines*, he must show good cause for his failure to exhaust his claims first in state court before filing in federal court. (Dkt. No. 109 at 10; Dkt. No. 4 at 6.) Under the circumstances, the Court will exercise its discretion and decline to consider the new evidence presented by Petitioner. "Such a policy is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes." *Plantillas v. Cate*, No. CV 08-1194 MMM (FMO), 2009 WL 890656, at *1 (C.D. Cal. 2009) (quoting *ISM Sports, Inc. v.*

---

[2] Petitioner provides no indication that the information was not previously available.

2

*Lemonia Gvro & Souvlaki, Inc.*, 2005 WL 1861308, at *2 (E.D.N.Y. Jul. 28, 2005)); *see also Howell*, 231 F.3d at 622 ("To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court . . . . Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging.").

Even if the Court considered Petitioner's new evidence, however, the Court would still conclude that denial of Petitioner's request for a *Rhines* stay is appropriate. In her declaration, Ms. Berley states that Petitioner's family was referred to her on January 30, 2012, regarding representation on habeas corpus. (Dkt. No. 109 at 11.) She met with a "family member and was retained to investigate the case" on January 31. (*Id.*) Since that time, she has met with Petitioner and "formed the impression that he suffers from some type of mental illness." (*Id.*) Ms. Berley also states that she investigated the case and performed preliminary research, noting that it "took some time" to interview trial and appellate counsel because they were "difficult to reach and not entirely cooperative." (*Id.*) She filed Petitioner's state habeas petition on March 13, 2012, filed his federal habeas petition on March 14, 2012, and filed the *Rhines* request on March 15, 2012. (*Id.* at 12.)

Although the Berley Declaration explains when habeas counsel was retained and the steps counsel took to investigate the potential claims, it does not provide sufficient evidence justifying Petitioner's failure to exhaust his claims in state court prior to filing in federal court. Specifically, the declaration fails to provide evidence that Petitioner or his counsel was confused about the timeliness of his state petition, that Petitioner had difficulty in obtaining habeas counsel and could not have retained counsel earlier, or that the delay was due to necessary further investigation where all

///

///

four of the unexhausted ineffective assistance of counsel claims were apparent from the trial and appellate records.[3]

Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that the request for a *Rhines* stay is denied.

IT IS FURTHER ORDERED that the previous order denying the First Amended Petition and dismissing this action with prejudice is hereby reimposed and that judgment be entered dismissing the First Amended Petition.

DATED: 2/25/19

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

---

[3] Counsel's statement in her declaration that she was under the impression that Petitioner suffers from "some type of mental illness" is not supported by any medical evidence. Moreover, the declaration fails to link any purported mental illness to Petitioner's failure to exhaust his claims in state court before filing his federal petition.